SEP 12 2025 AM10:53
FILED - USDC - FLMD - TPA

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Courtney Alice Spencer,
Plaintiff,

v.

Case No.: 8:25-CV-2455 - WFJ-NHA

Hillsborough County School Board,
Defendant.

<u>COMPLAINT FOR DEPRIVATION OF LIBERTY INTERESTS IN REPUTATION AND</u>
<u>PROFESSIONAL STANDING (STIGMA-PLUS DOCTRINE) UNDER 42 U.S.C. § 1983</u>

**I. Jurisdiction and Venue**

1.  This action arises under the Fourteenth Amendment to the United States Constitution and
    42 U.S.C. §1983.

2.  Jurisdiction is proper under 28 U.S.C. §1331 because this case presents a federal
    question, and under 28 U.S.C. §1343(a)(3) because Plaintiff seeks to redress deprivation
    of constitutional rights under color of state law.

3.  Venue is proper in the Middle District of Florida, Tampa Division, under 28 U.S.C.
    §1391(b), because the events giving rise to this claim occurred in Hillsborough County,
    Florida.

**II. Parties**

4.  Plaintiff, Courtney Alice Spencer, is a woman residing in Hillsborough County, Florida,
    and was employed as a teacher in the Hillsborough County School District.

5.  Defendant, Hillsborough County School Board, is a public body corporate organized and
    existing under the laws of Florida, operating in Hillsborough County, Florida, and was
    Plaintiff's employer during the initiation of the investigation giving rise to this action,
    and the entity that later disseminated void and stigmatizing materials.

**III. Factual Allegations**

6.  On April 5, 2024, Defendant placed Plaintiff on administrative leave without factual
    predicate. Although an employer may initially place an employee on investigatory leave
    without disclosing the details of the allegations, Florida law requires that any material
    that may form the basis for discipline be reduced to writing, served on the employee, and
    placed in the personnel file. See § 1012.31(1)–(2), Fla. Stat. Defendant failed to comply
    with this mandatory requirement. Instead, Defendant collapsed the investigatory phase
    into the charging phase by treating confidential investigatory notes as if they were formal
    charges. Because no charges were ever lawfully served or placed in Plaintiff's personnel
    file, the matter never lawfully ripened into a public record under Board Policy 1590.



7.  On April 17, 2024, Plaintiff, a classroom teacher employed under an annual contract with
    protected property and liberty interests had resigned. Defendant failed to serve written
    charges as required by § 1012.31(2)(a)–(c), Fla. Stat., a requirement expressly
    incorporated into Board Policy 1590, and withheld the material fact that a referral to the
    Department of Education had already been predetermined. Immediately after Plaintiff's
    resignation, Defendant entered the notation "will report to PPS" (Exhibit A), confirming
    that the referral had been decided while Plaintiff was still employed but was never
    disclosed. Because Plaintiff was not informed of this material fact before resigning, her
    resignation was not voluntary but amounted to a constructive discharge. Plaintiff would
    not have resigned on April 17, 2024, had she been given lawful notice of charges that
    were meant for the referral to the DOE. By collapsing the investigative phase into the
    charging phase without notice, service, or personnel-file entry, Defendant deprived
    Plaintiff of her property interest in continued employment and her liberty interest in
    professional reputation, in violation of the Fourteenth Amendment.

8.  Between April 18 and April 23, 2024, Defendant reported void and stigmatizing
    allegations to the Florida Department of Education. Because no charges had ever been
    served or lawfully entered in Plaintiff's personnel file, the referral was jurisdictionally
    defective. Defendant mischaracterized Plaintiff's reliance on peer-reviewed scientific
    educational resources as a "personal belief", thereby rebranding lawful, contract-
    protected conduct as a violation of State Board rules. The DOE referred the matter to the
    Division of Administrative Hearings, but the Administrative Complaint was later
    withdrawn. A pre-deprivation DOE letter (Exhibit D) that failed to provide notice of
    allegations, followed by a withdrawn Administrative Complaint (Exhibit G), constitutes
    an incurable constitutional defect. In effect, a stigmatizing public record was created out
    of a null record. Because Plaintiff was afforded neither (i) notice of charges at the outset,
    as mandated by Board Policy 1590, nor (ii) a meaningful opportunity to be heard in a
    subsequent evidentiary hearing pursuant to § 1012.33(6)(a), Florida Statutes, the due-
    process violation is incurable, as the personnel file entry and DOE case are void ab initio.

9.  On August 21, 2024, Defendant disseminated void investigative materials that had never
    been lawfully placed in Plaintiff's personnel file to law enforcement. By transferring non-
    existent charges in violation of § 1012.31(1)–(2), Fla. Stat. and Board Policy 1590,
    Defendant converted confidential investigative notes into public law-enforcement
    records, thereby amplifying the constitutional injury. These stigmatizing allegations were
    then relied upon to obtain a stalking injunction, which was subsequently mailed to
    Plaintiff's new employer, which publicly stigmatized her and imposed legal restrictions
    on her rights. This stigma, coupled with the tangible alteration of Plaintiff's legal and
    professional status, constitutes a stigma-plus deprivation of liberty without due process of
    law, in violation of the Fourteenth Amendment.

10. On August 28, 2024, a state court entered a stalking injunction against Plaintiff that relied
    upon a forged version of her legal response to a blank DOE pre-deprivation letter. The
    forged evidence was an "iMessage" when Plaintiff used Android. All texting evidence
    between Plaintiff and the 17-year-old student fell outside the scope of employment
    jurisdiction, yet the state court used Plaintiff's profession as grounds for relief.

The injunction was mailed the same day to Plaintiff's new employer, causing immediate and irreparable harm to her professional reputation and employability. One week earlier, on August 21, 2024, the Hillsborough County Sheriff's Office released Plaintiff's home address after Defendant disclosed unserved jurisdictionally defective investigative materials. This disclosure enabled a private parent-litigant to defraud a family court by relying on the same personnel file that never lawfully existed under Board Policy 1590.

11. Defendant lacked cause and jurisdiction to report Plaintiff's lawful use of the educational website *Embrace Autism* during Autism Awareness Month to the DOE. Defendant mischaracterized Plaintiff's reliance on clinically validated and peer-reviewed scientific resources as a personal view and further alleged that it created a harmful condition under Rule 6A-10.081(2)(a)1 and Rule 6A-10.081(2)(b)1, Fla. Admin. Code. The peer-reviewed scientific article *Autism, Personality, and Human Diversity: Defining Neurodiversity in an Iterative Process Using Aspie Quiz* was always publicly available on the *Embrace Autism* website but was never reviewed by Defendant. By treating investigatory notes as charges, Defendant falsely characterized Plaintiff's professional judgment, thereby depriving her of liberty without due process.

12. Defendant further asserted that Plaintiff's supplementary use of this scientific material affected the health, safety, or welfare of a student within the meaning of § 1012.796(1)(e), Fla. Stat., even though every student was sixteen or older. In fact, such use was authorized by the collective bargaining agreement, pursuant to Article 3, Section 8, Subsection 1. Autism Awareness Month is a district sponsored program and science is Plaintiff's discipline. Defendant also instructed Plaintiff to remove the scientific supplementary material from her classroom before administrative leave was invoked. This directive violated Rule 6A-10.081(2)(d), Fla. Admin. Code and Board Policy 9130, which prohibits a principal from preventing or directing the prevention of student access to classroom materials absent the statutory review and objection procedures set forth in § 1006.28, Fla. Stat.

## IV. Cause of Action
## Count I – Deprivation of Liberty Interest in Reputation and Professional Status (Stigma-Plus DOE Referral) Under 42 U.S.C. § 1983

13. Plaintiff incorporates paragraphs 1–12 as though fully stated herein.

14. Plaintiff possessed a protected liberty interest in her reputation and professional status as a teacher employed under an annual contract pursuant to § 1012.335, Fla. Stat. That contract also reflected an expectation of completing the 2023–2024 school year once it commenced. Defendant deprived Plaintiff of those interests by inducing an involuntary resignation midyear. Under *Hargray v. City of Hallandale*, 57 F.3d 1560, 1568 (11th Cir. 1995), "*an employee's resignation will be deemed involuntary if induced by duress or coercion, or if obtained by the employer's misrepresentation or deception.*" Defendant withheld the material fact that it intended to file a referral with the Department of Education, which was initiated the day after Plaintiff's resignation.

15. Defendant failed to provide written notice of charges or a meaningful opportunity to respond as required by *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985), and § 1012.31(2)(a)–(c), Fla. Stat., instead collapsing the investigative and charging phases by treating administrative leave as the charging phase without ever reducing allegations to writing, serving them, or lawfully placing them in Plaintiff's personnel file. As the Eleventh Circuit explained in *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994), state law creates both a property interest and liberty in public employment when it restricts termination to "for cause" and requires due process. Plaintiff's resignation was uninformed, constituting a constructive discharge in violation of the Fourteenth Amendment. Even if the resignation is deemed a voluntary relinquishment of property interest, Defendant's referral to the DOE the next day independently deprived Plaintiff of liberty without due process. Unlike *McKinney v. Pate*, which addressed only state-law property remedies, this case involves the stigma-plus doctrine, where reputational harm was joined with alteration of legal and professional status. Because Plaintiff's liberty interest in reputation and professional standing is inseparable from the loss of her contractual position, the stigma-plus federal doctrine is the proper vehicle for relief.

**Count II – Deprivation of Liberty Interest in Reputation, Legal Status and Employment (Stigma-Plus Injunction) Under 42 U.S.C. § 1983**

16. Plaintiff incorporates paragraphs 1–12 as though fully stated herein.

17. Defendant, acting under color of state law, deprived Plaintiff of her liberty interest in reputation and continued employment by disseminating false and stigmatizing allegations to the Florida Department of Education and the Hillsborough County Sheriff's Office without notice or lawful process. This dissemination directly caused the creation and transmission of a state injunction to Plaintiff's new employer, thereby altering her professional and legal status. As a result, Plaintiff suffered lost wages and employment opportunities, despite the absence of any lawfully created public record or factual predicate. Such actions constitute a stigma-plus deprivation of liberty without due process of law, consistent with the principles recognized in *Board of Regents v. Roth*, 408 U.S. 564 (1972), and *Paul v. Davis*, 424 U.S. 693 (1976). Unlike *Codd v. Velger*, 429 U.S. 624 (1977), Plaintiff disputes the truth and legality of the stigmatizing allegations; and unlike *Siegert v. Gilley*, 500 U.S. 226 (1991), Plaintiff's injury is not reputational harm alone. Plaintiff's personnel record was expressly altered to include the injunction and subsequent termination, directly linking the stigmatizing record to a tangible loss of employment and confirming the stigma-plus deprivation.

**V. Exhibits Supporting Legal Sufficiency**

**Exhibit A – Administrative Leave and Report to PPS Without Charges**

Although styled as an investigative notice, this letter functioned as Plaintiff's charge phase because it was used to justify referral to the Department of Education. By stating only that Plaintiff will be reported to PPS, without specifying written charges, the Defendant deprived Plaintiff of due process and denied her the opportunity to resign fairly.

**Exhibit B – DOE Referral Without Due Process**
This form submitted by Defendant states that the alleged misconduct affected the "health, safety, or welfare of a student." The *Embrace Autism* website is an educational resource maintained by licensed professionals and devoted to providing scientifically grounded information about autism spectrum conditions. By law, scientific materials can't affect the health, safety, or welfare of a student when all ethical disclaimers are adhered to.

**Exhibit C – DOE Report of Alleged Misconduct Without Charges**
Defendant reported Plaintiff to the Florida Department of Education pursuant to § 1012.796(1)(d), Fla. Stat., and certified the matter as a legally sufficient complaint even though no charges had been served on Plaintiff or lawfully placed in her personnel file. By doing so, Defendant unlawfully collapsed the investigatory phase into the charging phase without jurisdiction. Administering an "autism assessment" is impossible without a professional license.

**Exhibit D – DOE Pre-Deprivation Letter Without Allegations**
This letter, sent by the Florida Department of Education's Office of Professional Practices Services, states that an investigation had been initiated into Plaintiff for "*alleged misconduct.*" However, the letter does not set forth any specific allegations or factual basis. It merely instructs Plaintiff to submit evidence within two weeks in violation of §1012.796(1)(c), Florida Statutes.

**Exhibit E – Department of Education Petition to DOAH**
This petition refers Plaintiff's case to the Division of Administrative Hearings for a full evidentiary hearing pursuant to 1012.796(6), Florida Statutes. It demonstrates that the Department unsuccessfully attempted to cure the constitutional due process defect retroactively.

**Exhibit F – Kelly King's Transfer to Another Position the Day Before DOE Petitioned DOAH**
This record shows that Kelly King, the administrator responsible for initiating the unlawful referral to DOE and disseminating the void record, was approved for transfer to another position the day before DOE petitioned DOAH.

**Exhibit G – DOAH Order of Withdrawal**
This order from the Division of Administrative Hearings withdrew the Administrative Complaint before adjudication on the merits. By withdrawing, the Department effectively conceded it could not proceed on the record as it stood. Under 42 U.S.C. § 1983, due process requires both (i) notice of charges and (ii) a meaningful opportunity to be heard before any deprivation occurs. Once deprivation is imposed without those safeguards, the constitutional injury is complete. Withdrawal left no pending charges through which DOE could attempt to cure the defect. Because the initial invocation of jurisdiction occurred without notice of allegations (Exhibit D), the deprivation was incurable, and the DOE proceeding was void ab initio.

**Exhibit H – Law Enforcement Report Containing Defendant's Allegations**
The Hillsborough County Sheriff's Office report substantiates that Defendant communicated with law enforcement during the pendency of a legally void administrative investigation. In this report, Defendant acknowledged that Plaintiff was no longer employed and thus outside its jurisdiction, but nevertheless advanced a legal theory that Plaintiff's reliance on published, peer-reviewed scientific materials amounted to a personal belief. By relaying these allegations to law enforcement, Defendant improperly leaked confidential investigatory notes and assisted a private parent-litigant in pursuing collateral litigation. The parent's repeated reference to Plaintiff as "ex-teacher" reflects an intent to destroy Plaintiff's career through forgery rather than through due process. The parent-litigant then relied on Defendant's jurisdictionally defective investigative narrative to obtain a stalking injunction against Plaintiff, even though Plaintiff had never been provided notice or service. Under § 784.0485, Fla Stat., a stalking injunction requires a sworn petition alleging a course of conduct directed at a person that causes substantial emotional distress and serves no legitimate purpose. Reliance on a void administrative proceeding cannot satisfy the statutory standard for a stalking injunction.

**Exhibit I – Use of Stalking Injunction to Transfer the Defendant's Void Investigation to Plaintiff's New Employment**
This exhibit demonstrates that when the state court entered a stalking injunction at the request of the parent-litigant on August 28th, 2024, the injunction was mailed directly to Plaintiff's new employer. As a direct result, the new school required Plaintiff to sign a written reprimand, placed it in her personnel file and ultimately terminated her contract at the beginning of the second semester without cause due to Defendant transferring stigma to the Department of Education and law enforcement.

**Exhibit J – Stalking Injunction Petition and Parent's Fraud History**
This exhibit includes the injunction petition citing the Defendant's investigation and the parent-litigant's prior pretrial intervention program for forgery and fraud. Together, these documents show that confidential material was leaked to a private party with a known history of forgery and fraud. The injunction itself recites the investigation as grounds for relief, thereby embedding void investigatory notes into a public record; only reinstatement and personnel-file correction can cure this ongoing stigma-plus deprivation.

**Exhibit K – Embrace Autism Website and Confirmation of Access**
This exhibit contains the confidential investigatory report showing that throughout the investigation, Defendant had access to the *Embrace Autism* website, which was materially omitted from the record. Prior to placing Plaintiff on administrative leave, the Assistant Principal for Curriculum directed her to remove the material, in violation of Rule 6A-10.081(2)(d), Fla. Admin. Code, and the First Amendment. Rule 6A 10.081(2)(d) is enforced through § 1012.795(1)(j), Fla. Stat., the same statutory provision under which Plaintiff was falsely accused of misconduct. Candace Culpepper was never under investigation by the DOE for violating § 1012.795(1)(j), Fla. Stat., substantiating unequal protection under the law in violation of the Fourteenth Amendment.

**Exhibit L – Principal's DOE Statement**
This statement, contained in the DOE case file, substantiates that the principal never reviewed the *Embrace Autism* website as required by Rule 6A-10.081(2)(d), Fla. Admin. Code. Instead, she mischaracterized the Aspie Quiz as an "assessment" rather than what the educational website itself describes. The rule provides:

*"A certificate holder serving as a school principal shall not prevent, direct school personnel to prevent, or allow school personnel to prevent students from accessing any material used in a classroom, made available in a school or classroom library, or included on a reading list unless the certificate holder or his or her designee has reviewed the material and determines it violates the prohibitions in Section 1006.28(2)(a)2., F.S."*

Because the principal did not review the material as required, her actions directly contravened this rule. Moreover, Christine Wasylkiw was never under investigation by the DOE for violating § 1012.795(1)(j), Fla. Stat., despite engaging in the prohibited conduct of blocking classroom materials without review in violation of the First Amendment. This disparate treatment establishes unequal protection under the Fourteenth Amendment. The same DOE statement further records that the 17-year-old student Petitioner of the stalking injunction reported having a "positive relationship" with Plaintiff. This admission confirms that no factual predicate ever existed for escalation to the DOE, law enforcement, or family court. Each of those proceedings was meritless from inception, being grounded not in evidence but in a mischaracterization of legitimate, peer-reviewed resources.

**Exhibit M – Second DOE Referral Made After Resignation Without Jurisdiction**
This exhibit demonstrates that Kelly King, acting on behalf of the Superintendent, submitted a second referral to the DOE four months after resignation when Plaintiff was responding to her blank DOE letter (Exhibit D). The referral was made immediately after the unlawful leak of investigatory material to law enforcement.

**Exhibit N – Board Policy 1590  (Personnel File)**
Policy 1590 prohibits placing derogatory materials into the file unless the materials pertain to work performance or matters that may be cause for discipline, suspension, or dismissal under state law. A copy of each entry must be provided to the employee.

**Exhibit O – Board Policy 9130 (Public Complaints)**
Policy 9130 sets forth a graduated process for complaints. In the context of classroom resources, the *Embrace Autism* website qualified as a supplementary instructional material. Under Policy 9130, any complaint regarding such material was required to follow the established complaint procedure rather than reporting the teacher to the Department of Education. Policy 9130 expressly states that instructional materials cannot be removed merely because their ideas may be unpopular or offensive; they may only be removed by formal action of the School Board.

**Exhibit P – Motion to Dissolve Stalking Injunction and Order Denying Motion**
This exhibit contains (i) Respondent's Motion to Dissolve the Final Judgment of
Injunction for Protection Against Stalking, filed September 10, 2025, asserting that the
statutory requirements under §§ 784.048 and 784.0485, Fla. Stat., were never met and
that the injunction was therefore void as a matter of law, and (ii) the Order entered
September 11, 2025, denying dissolution on the ground that the motion sought to "re-
litigate" the case. The trial court did not state that the facts supported the injunction or
that the statutory standard was satisfied; rather, the denial order merely sidestepped
Plaintiff's void-as-a-matter-of-law argument. This left intact the unconstitutional
alteration of Plaintiff's legal status without any judicial finding that the injunction was
validly supported. Because the trial court refused to address whether the statutory
requirements were ever met, the stigma of the injunction remains uncured as a public
record. Moreover, appellate review in the state system would not cure this injury because
the injunction continues to exist as a stigmatizing public record.

## VI. Anticipated Defenses and Preemptive Response

### 1. Procedural vs. Federal Constitutional Deprivation
Defendant may argue this action is merely a procedural due process dispute remediable in
state court under *McKinney v. Pate*. That argument fails because Plaintiff alleges more
than a procedural flaw in state employment law. Both the DOE and law enforcement
were materially misled into believing that lawful charges had been filed. This directly
altered Plaintiff's legal status by producing a stalking injunction, which disseminated a
void record to her new employer. *McKinney* does not apply where, as here, the
constitutional injury is ongoing and can only be cured by reinstatement and correction of
personnel records rendering federal jurisdiction necessary.

### 2. Stigma-Plus Requirement
Defendant may argue that Plaintiff suffered mere reputational injury without the
constitutionally required "plus." This is incorrect. Plaintiff's reputational harm was
inseparable from Defendant's unlawful release of void investigatory notes to law
enforcement and the Department of Education. That disclosure carried direct legal
consequences: the stalking injunction altered Plaintiff's legal status, while the DOE
referral altered her professional status. Together, these actions satisfy the stigma-plus
doctrine by combining reputational injury with alteration of professional and legal status.

### 3. State Action and the Injunction
Defendant may argue that the stalking injunction was pursued independently by a private
parent-litigant and is therefore not attributable to the Board. However, the causal chain
begins with Defendant's own conduct: the parent lacked Plaintiff's personal information
necessary to file the petition and instead relied on Defendant's unlawful disclosure of
investigatory material to law enforcement. Plaintiff, upon reviewing DOE reporting
requirements after her resignation, believed the referral was from a private citizen. Had
Defendant complied with the Fourteenth Amendment by providing notice and service,
Plaintiff would have had an opportunity to respond before any referral was made, and
DOE jurisdiction never would have been invoked.

**3. Reinstatement as the Only Cure**

Dismissal under *McKinney v. Pate*, the *Rooker–Feldman* doctrine, or the availability of state-law remedies such as tort actions or Chapter 86 declaratory relief would be improper because Plaintiff's constitutional injury is ongoing and can't be cured by any of those avenues. Plaintiff's personnel record was altered to include a stalking injunction and subsequent termination, directly linking stigmatizing government records to the tangible loss of employment. Neither a state tort action nor a Chapter 86 proceeding can compel reinstatement or correction of Plaintiff's personnel file; at most, they provide damages or declaratory pronouncements that leave the stigma intact. Only federal equitable jurisdiction can provide the relief necessary to restore Plaintiff's professional status, correct her personnel file, and remove the stigma created by void records. Without reinstatement and correction, the deprivation of liberty and property interests under the Fourteenth Amendment remains uncured.

## VII. Relief Requested

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Order reinstatement to Plaintiff's former teaching position, with full restoration of salary and benefits as the appropriate equitable remedy for the deprivation of Plaintiff's constitutional rights. Plaintiff is certified to teach every single math and science course offered at the secondary level, so there is a comparable position always available. Because a teacher's professional reputation is inseparable from employability and constitutes both a liberty and property interest, reinstatement is necessary to restore Plaintiff's professional status, correct her employment history, and eliminate the stigma caused by Defendant's actions.

B. Award backpay from the date of Plaintiff's resignation through the end of the annual contract term, including lost wages, retirement contributions, and the value of lost benefits; and further award reimbursement of additional lost wages, retirement contributions, and benefits necessary to cure the stigma-plus deprivation.

C. Order Defendant to correct and restore Plaintiff's personnel file in accordance with state law. This relief is necessary to remedy the deprivation of Plaintiff's liberty interest without due process of law in violation of the Fourteenth Amendment. By restoring the file to a lawful state, the Court will remove the stigma created by void records generated when Defendant bypassed the statutory procedures that confer public-record status. This correction will enable downstream government actors to seal or redact derivative filings made in violation of Chapter 119, Florida Statutes.

D. Provide, in the alternative, that should Defendant agree to the equitable relief sought herein, the parties may stipulate to dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

## VII. Trial by Court

Plaintiff respectfully requests that this matter be tried by the Court without a jury.


Respectfully submitted,

*Spencer*     09/12/25
_____
Courtney Alice Spencer
Pro Se Plaintiff
306 Crystal Goblet Ct.
Valrico, FL 33594
Telephone: 813-305-5740
Email: spencer.courtney627@gmail.com

**Exhibit A**

**School Board**
Karen Perez, Chair
Jessica Vaughn, Vice Chair
Nadia T. Combs
Lynn L. Gray
Stacy A. Hahn, Ph.D.
Patricia "Patti" Rendon
Henry "Shake" Washington



**Hillsborough County**
P U B L I C   S C H O O L S
Preparing Students for Life

**Superintendent**
Van Ayres

April 5, 2024

Courtney Spencer
306 Crystal Goblet Ct.
Valrico, FL 33594

Dear Ms. Spencer:

This letter is to inform you that you are being placed on administrative leave with pay effective, April 5, 2024, pending an investigation into violation of ethical conduct (policy 3210), in which you were involved. Your leave is standard protocol for the safety and protection of all parties. As an employee of the district, while on administrative leave, you are to remain available during your regular business hours and are expected to fully cooperate with the investigation. You are not permitted to go onto your work site or any school district site while on leave. You are not to engage with students, families, or staff unless directed to do so by the office of Professional Standards. There shall be no acts of retaliation toward anyone who brings forth complaints.

Sincerely,

Kelly A. King
Executive Officer, Professional Standards

c:  Principal



Purple

## Exhibit A

# CONFIDENTIAL
## INCIDENT/MEETING NOTES

**Today's Date:** 4/17/2024          **Date of Incident:** _____

**EMPLOYEE:** Spencer, Courtney    **EID:** _____    **Union Rep:** _____

**Job Title:** _____    **Site:** _____

**Reported By:** _____    **Site:** _____

**Job Title:** _____

☐ Kelly A. King

**NOTES:** Phone call w/ C. Spencer.

→ go to school on 4/22/24 @ 4:30
→ will report to PPS

[several lines redacted]

District Report: Initial (DR)-12

# Exhibit B

## Notification of employee resignation or termination

Effective July 1, 2018, revisions to s. 1012.796, F.S., require Florida public school districts to immediately notify the department if a certified educator resigns or is terminated prior to conclusion of an investigation into misconduct which affects the health, safety or welfare of a student. The language reads in part:

> "A school district shall immediately notify the department if the subject of a legally sufficient complaint of misconduct affecting the health, safety, or welfare of a student resigns or is terminated before the conclusion of the school district's investigation. Upon receipt of the notification, the department shall place an alert on the person's certification file indicating that he or she resigned or was terminated before an investigation involving allegations of misconduct affecting the health, safety, or welfare of a student was concluded. In such circumstances, the database may not include specific information relating to the alleged misconduct until permitted by subsection (4)."

In accordance with s. 1012.796(1)(e) Florida Statutes, I, Kelly A. King _____, as representative for the School District of Hillsborough _____ County, submit the individual indicated below resigned or was terminated prior to conclusion* of the district's investigation into alleged misconduct.

**Certified Educator's Full Name:**
Courtney Spencer _____

**DOE License (certificate) Number for Certified Educator indicated above:**
1205903 _____

**This certified educator was:**

Terminated ☐

Date of Termination _____

Resigned ☑

Date of Resignation 04/17/2024 _____

*Note: School districts are required to conclude investigation of alleged misconduct, even when the certified educator resigned or was terminated and determine what, if any, allegations are supported. All documentation supporting violations must be submitted to Professional Practices Services within 30 days of knowledge of the incident. (section 1012.796, F.S.)

**PPS Reporting**
Date: 4/23/2024
Report Type: Final ☑

# Exhibit C

### Statement of Good Faith

Section 1012.796(1)(d), Florida Statutes, requires each school district to "file in writing with the department all **legally sufficient** complaints within **30** days after the date on which subject matter of the complaint comes to the attention of the school district. A complaint is legally sufficient if it contains **ultimate facts** that show a **violation has occurred** as provided in s. 1012.795, F.S. and defined by rule of the State Board of Education. The school district shall include all information relating to the complaint which is known to the school district at the time of filing."

I, **Kelly A. King** , **Executive Officer, Professional Standards** of the School District of **Hillsborough** County submit this report on behalf of Superintendent **Van Ayres** and have included all supporting documents to substantiate a violation of s. 1012.795, Florida Statutes by the Florida certified educator indicated below:

Name: **Courtney Spencer**

DOE Certificate Number: **1205903**

Address: **306 Grystal Goblet Ct., Valrico, FL 33594**

Telephone: **813-305-5740**

Email:

DOB: ███████████

SS#: ███████████

Position: **Physics Teacher**

School or Site Location: **Sumner High School**

Hire date at this location: **9/13/2023**

Initial hire date in your district: **10/21/2012**

Employment status: **Resigned effective 4/17/2024**

Exhibit D



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Courtney A. Spencer
306 Crystal Goblet Ct.
Valrico, FL 33594

9590 9402 8271 3094 0946 34

2. Article Number *(Transfer from service label)*

7022 3330 0000 1410 9768

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X                                   ☐ Agent
                                    ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053     CA/DL 234-4218     Domestic Return Receipt

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)      $ _____
☐ Return Receipt (electronic)    $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required       $ _____
☐ Adult Signature Restricted Delivery  $ _____

Postage
$

Total Postage and Fees
$

Postmark
Here

Sent To

Street and Apt.    Courtney A. Spencer
                   306 Crystal Goblet Ct.
City, State, ZIP   Valrico, FL 33594

PS Form 3800                    See Reverse for Instructions

7022 3330 0000 1410 9768     7022 3330 0000 1410 9768



**FLORIDA DEPARTMENT OF**
**EDUCATION**
*fldoe.org*

Florida Department of Education, Room #224
325 West Gaines St.,
Tallahassee, Florida 32399-0400

Exhibit D



## COMING TO YOU SOON



**Hi, Courtney!**

You have 1 mailpiece(s) and 4 inbound package(s) arriving soon.

**Friday**

**9** August 2024

**1**
Mailpiece(s)

**4**
Package(s)



✉ **MAIL**

View Dashboard

**Expected Today**

1 item(s)



# Exhibit D



**FLORIDA DEPARTMENT OF**
EDUCATION
fldoe.org

**State Board of Education**

Ben Gibson, *Chair*
Ryan Petty, *Vice Chair*
*Members*
Esther Byrd
Grazie Pozo Christie
Kelly Garcia
MaryLynn Magar

**Manny Diaz, Jr.**
**Commissioner of Education**

July 10, 2024

Ms. Courtney Alice Spencer
306 Crystal Goblet Ct.
Valrico, Florida 33594

**CERTIFIED MAIL**

CaseNo.: 234-4218

Dear Ms. Spencer:

In accordance with Section 1012.796, Florida Statutes, the Office of Professional Practices Services is charged with investigating alleged misconduct by Florida certified educators to determine if disciplinary actions should be pursued against a Florida Educator Certificate.

Following receipt of a complaint, this office has determined an investigation is warranted into allegations that you engaged in misconduct. If you have evidentiary witnesses or documents pertinent to the case, send them to this office no later than two weeks from receipt of this letter.

Once our investigation is concluded you or your attorney will be notified of the opportunity for an Informal Conference.

As required by Section 1012.796, F. S., this complaint and all information obtained pursuant to the investigation are confidential and exempt from public disclosure until the conclusion of the preliminary investigation.

Please govern yourself accordingly.

Sincerely,

Randy Kosec
Professional Practices Services

Exhibit E

**State Board of Education**

Ben Gibson, *Chair*
Ryan Petty, *Vice Chair*
*Members*
Esther Byrd
Grazie P. Christie
Daniel P. Foganholi, Sr.
Kelly Garcia
MaryLynn Magar

**FLORIDA DEPARTMENT OF**
**EDUCATION**
fldoe.org

Manny Diaz, Jr.
**Commissioner of Education**

June 3, 2025

Mr. Darren A. Schwartz, Interim Director and Chief Judge
Division of Administrative Hearings
The DeSoto Building
1230 Apalachee Parkway
Tallahassee, Florida 32399-1550

Re:    **Manny Diaz, Jr., as Commissioner of Education v. Courtney Alice Spencer,**
       **Case Number: 234-4218**

Dear Judge Schwartz:

As there appear to be material facts in dispute in the above-referenced case, I am forwarding this matter to your office for a full evidentiary hearing pursuant to Section 1012.796(6), Florida Statutes. Ron Weaver will represent the Department in this matter.

Please call me if you have any questions. My telephone number is (850) 245-0443.

Sincerely,

/s/ Chase Jones
Chase Jones, Assistant General Counsel
Office of the General Counsel

cc:    Ron Weaver, Esquire
       The Office of Professional Practices Services

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was provided by electronic mail to Respondent, Courtney Spencer, at spencer.courtney627@gmail.com, this 3rd day of June, 2025.

/s/ Chase Jones
Chase Jones, Esquire

# Exhibit F



**Hillsborough County**
P U B L I C  S C H O O L S
Preparing Students for Life

**ADMINISTRATIVE APPOINTMENTS/TRANSFERS**
**School Board Meeting**
**June 2, 2025**

| Recommended Appointment | Position | Work Site | Effective Date | Transferring From |
|---|---|---|---|---|
| Pablo Gallego Alvarez | Principal | Farnell Middle | July 1, 2025 | Principal, Pierce Middle |
| Valerie Newton | Principal | Madison Middle | July 1, 2025 | Principal, Blake High |
| Miriam Duran | Principal | Rodgers Middle | July 1, 2025 | Assistant Principal for Curriculum, Morgan High |
| David Parker | Principal | Turkey Creek Middle | July 1, 2025 | Principal, Madison Middle |
| Jesha Womack | Principal | Bing Elementary | July 1, 2025 | Principal, Dawson Elementary |
| Yvette Edwards | Principal | Graham Elementary | July 1, 2025 | Assistant Principal for Elementary Instruction, Sulphur Springs K-8 |
| Kimberly Stone | Principal | McKitrick Elementary | July 1, 2025 | Assistant Principal for Elementary Instruction, McKitrick Elementary |
| Delia Gadson-Yarbrough | Principal | Muller Elementary | July 1, 2025 | Principal, Sheehy Elementary |
| Kirsten Meyer | Principal | Pride Elementary | June 9, 2025 | Assistant Principal for Elementary Instruction, Mitchell Elementary |
| Otis Kitchen | Principal | Twin Lakes Elementary | July 1, 2025 | Principal on Special Assignment |
| Ronald Buffano | Assistant Principal for Curriculum | Bloomingdale High | June 9, 2025 | Assistant Principal for Administration, Sumner High |
| Jaclyn Savino | Assistant Principal for Curriculum | Morgan High | July 1, 2025 | Principal, Turkey Creek Middle |
| David Webb | Assistant Principal for Student Affairs | Sickles High | July 1, 2025 | Assistant Principal for Student Affairs, Plant High |
| Chad Pears | Assistant Principal for Student Affairs | Pierce Middle | July 1, 2025 | Assistant Principal, Building Construction Academy at Bowers/Whitley |
| Mariana Socorro | Assistant Principal for Elementary Instruction | Alexander Elementary | July 1, 2025 | Teacher, Crestwood Elementary |
| Adriana Wilsey | Assistant Principal for Elementary Instruction | Bay Crest Elementary | July 1, 2025 | Assistant Principal for Elementary Instruction, Davis Elementary |
| Linda Swanson | Assistant Principal for Elementary Instruction | Bellamy Elementary | July 1, 2025 | Assistant Principal for Elementary Instruction, Bay Crest Elementary |
| John Michael Dominguez | Assistant Principal for Elementary Instruction | Davis Elementary | July 1, 2025 | Assistant Principal for Elementary Instruction, Bellamy Elementary |
| Dylan Tibbetts | Assistant Principal for Elementary Instruction | Essrig Elementary | July 1, 2025 | Physical Education Teacher, Essrig Elementary |

# Exhibit F

| Sara Drake | Assistant Principal for Elementary Instruction | Jackson Elementary | July 1, 2025 | Reading Coach, Burney Elementary |
|---|---|---|---|---|
| Thomas Waistell | Assistant Principal for Elementary Instruction | Lithia Springs Elementary | July 1, 2025 | Teacher, Boyette Springs Elementary |
| Meredith Scribner | Assistant Principal for Elementary Instruction | Roosevelt Elementary | July 1, 2025 | Assistant Principal, Franklin Middle |
| Shaleema Roberts | Assistant Principal for Elementary Instruction | Morgan Woods Elementary | July 1, 2025 | Assistant Principal for Elementary Instruction, Egypt Lake Elementary |
| Myaicia Womack | Assistant Principal for Elementary Instruction | Symmes Elementary | July 1, 2025 | Dean of Schools, Navigator Charter |
| Molly Settles | Assistant Principal for Elementary Instruction | Walden Lake Elementary | July 1, 2025 | Teacher, Robinson Elementary |
| Kelly A. King | General Manager Employee Relations | Human Resources, Employee Relations | June 9, 2025 | Executive Officer, Professional Standards |
| Shefali Bakshi | Supervisor, Career and Technical Education | Career and Technical Education | June 9, 2025 | Assistant Principal, Aparicio Levy Technical College |
| Nicole Holman | Supervisor, 9-12 Science | High School Education | June 9, 2025 | Science Coach, High School Education |
| Brandon Austin | Supervisor, 6-8 Social Studies | Middle School Education | July 1, 2025 | Coordinator, Student, Family & Community Engagement |
| Tara Lowell | Coordinator, ESE K-12 Instructional Programs | Exceptional Student Education | June 9, 2025 | District Resource Teacher, Exceptional Student Education |
| Courtney Holder | Coordinator, ESE ASD/BEH/InD Programs – Curriculum and Instruction | Exceptional Student Education | June 9, 2025 | District Resource Teacher, Exceptional Student Education |
| William Martinez | Coordinator, ESE ASD/BEH/InD Programs – Behavior | Exceptional Student Education | June 9, 2025 | District Resource Teacher, Exceptional Student Education |

**Final 4.01a**

# Exhibit G

## STATE OF FLORIDA
## DIVISION OF ADMINISTRATIVE HEARINGS

MANNY DIAZ, JR., AS
COMMISSIONER OF EDUCATION,

     Petitioner,

                                             Case No. 25-2966PL

vs.

COURTNEY ALICE SPENCER,

     Respondent.

_____/

### ORDER CLOSING FILE AND RELINQUISHING JURISDICTION

This cause came before the undersigned on Petitioner's Notice of Voluntary Dismissal without Prejudice to Re-file Administrative Complaint, filed August 4, 2025. Petitioner has given notice that, pursuant to Florida Rule of Civil Procedure 1.420(a)(1), it "voluntarily dismisses without prejudice to re-file the Administrative Complaint ... in the above-captioned case." However, the rules of civil procedure apply only to courts. *See* Fla. R. Civ. P. 1.010 ("These rules apply to all actions of a civil nature and all special statutory proceedings in the circuit courts and county courts."). The Division of Administrative Hearings (DOAH) is an executive agency as opposed to an Article V court, and the Rules of Civil Procedure are not applicable to these proceedings.[1] Therefore, rule 1.420(a)(1) does not give Petitioner authority to dismiss the action from DOAH.

Because the instant case is at DOAH on Respondent's request for a hearing in response to Petitioner's Administrative Complaint, Petitioner does not have the authority to voluntarily dismiss the case, even if rule 1.420(a)(1) was applicable. Petitioner's notice is therefore taken by the undersigned as a withdrawal of its Administrative Complaint against Respondent, without prejudice. Because the Administrative Complaint is withdrawn, a final hearing is no longer necessary. The undersigned having reviewed the record in this cause, it is, therefore,

ORDERED that all hearings and/or conferences scheduled in this cause are canceled; and the file of the Division of Administrative Hearings is closed. Jurisdiction is relinquished to the referring agency.

---

[1] As the notable exception, section 120.569(2)(f), Florida Statutes, and Florida Administrative Code Rule 28-106.206 specifically authorize parties to a DOAH proceeding to utilize the rules of civil procedure related to discovery.

# Exhibit G

DONE AND ORDERED this 5th day of August, 2025, in Tallahassee, Leon County, Florida.

BRANDICE D. DICKSON
Administrative Law Judge
DOAH Tallahassee Office

Division of Administrative Hearings
2001 Drayton Drive
Tallahassee, Florida  32311
(850) 488-9675
www.doah.state.fl.us

COPIES FURNISHED:

Lisa M. Forbess, Executive Director
(eServed)

Courtney Spencer
(eServed)

Ron Weaver, Esquire
(eServed)

2

**HILLSBOROUGH COUNTY SHERIFF**

**GENERAL OFFENSE HARDCOPY**

CUSTOMER SERVICE

**(HARASSING/OBSCENE)**

Exhibit H

## Narrative Text

          **Type** ONLINE REPORT

          **Author** OL - ON-LINE REPORTING

      **Related Date** Aug-18-2024 19:18

```
- Are you receiving these via phone, text or social media? = [Text]
- Who is sending you messages or calling you? = [My son's ex-teacher is
harassing us and our extended family. Her name is Courtney Spencer, she is
a former employee of ▮▮▮▮▮▮▮▮▮▮▮▮▮.]
- How do you know them? = [She worked at ▮▮▮▮▮▮▮▮▮▮▮▮▮ where my son is
 a student.]
- How can you prove it is them? = [The number matches the number on file from
her employer records with Hillsborough County. You can also contact
Investigator Brandon Parker with Hillsborough County Public Schools at 813-
840-7327 - although she is no longer under his jurisdiction, he said he can
 talk to you about the case.]
```





# HILLSBOROUGH COUNTY SHERIFF

### GENERAL OFFENSE HARDCOPY
### CUSTOMER SERVICE
### (HARASSING/OBSCENE)

INACTIVE

Exhibit H

## Narrative Text

**Type** DETECTIVE FOLLOW UP
**Subject** FOLLOW UP
**Author** ████████████████
**Related Date** Aug-23-2024



I then contacted Investigator Parker. He advised the investigating committee had spoken with Courtney after it was first reported she was texting ████ as well as other unidentified juveniles at the school, who she had picked out as believing they also were Autistic after she herself was diagnosed. After they received another report that she was continuing to text ████, he spoke with Courtney again during which she resigned from her position shortly after the interview began. He advised she had called the school ████████████████ ) trying to speak with ████ at the beginning of this school year but was unsuccessful. This is most likely what triggered her to find the grandmother's phone number and text her. Courtney is no longer employed with Hillsborough County Public Schools.



On August 22, 2024, I was advised a hearing date for the injunction was set for August 28, 2024. Behavioral Health deputies and Victim Specialist ████████████ were made aware of this case and have been in contact with ████████ to assist with any programs they may need.

Exhibit I



TAMPA FL 335
SAINT PETERSBURG FL
28 AUG 2024 PM 4 L



Attn: Administration



33637-531021

## Exhibit I



Dear Ms. Spencer,

It has recently come to our attention that you are subject to a Final Judgment of Injunction For Protection Against Stalking as a respondent with a former student as the minor petitioner. Due to that notice, we wanted to clarify the school's position and expectations moving forward.

1. You are to have no direct communication with current or former students outside of the methods outlined in the employment manual.
2. Any future concerns you may have about the health, safety or well-being of a student will be brought to the attention of the Administration and reported to the Department of Children and Family Services (DCF) at https://www.myflfamilies.com/services/abuse/abuse-hotline. Please note that as a mandated reporter in Florida, you cannot report anonymously.
3. If you cannot get someone in the Administration immediately, you report to DCF, and then report to the Administration what you reported.
4. If you have concerns about the mental health of a student, report it to the school counselor and/or the Administration.

Please let us know if you have any questions related to these expectations.

Your signature below indicates that you have read and understand the information above.

_____          9/18/24
Courtney Spencer                                          Date

_____          9/18/24
                                                                      Date

_____          9/18/24
HR Representative                                         Date

# Exhibit I



January 24, 2025

Dear Courtney Spencer:

This letter is intended to serve as an official notice of your termination from ████████ ████████████ effective January 24, 2025.

Please be sure to return all ████ issued materials - including keys, key cards, laptop, and other devices. You will not be allowed back on campus without an administration escort.

Your last paycheck will be issued on February 15, 2025 this is for the period from January 16-24, 2025 as well as any pay that was prorated due to our 24 pay period cycle. Health benefits are through the end of January 2025 and Short Term Disability ends today.

The $300 teacher lead supplement you received will be deducted from your final paycheck unless you can provide receipts for those items by 1/31/25. Items purchased with those funds must remain on the campus of ████ Receipts can be emailed to █████████████████████

Best of luck in your future endeavors.

Sincerely,

# Exhibit J

5. Below is a description of the specific incidents of stalking or cyberstalking: *{for cyberstalking, please include a description of all evidence of contacts and/or threats made by Respondent in voice messages, texts, emails, or other electronic communication}*
On *{dates}* Aug. 15, 2024 _____ the following incidents of stalking occurred at the following locations: *{the locations may include, but need not be limited to, a home, school, or place of employment}*
Respondent looked up information of relatives (she is my son's former teacher) and texted them with wild and baseless accusations. She has pursued my minor child for months. We already blocked her everywhere and made our social media private. When she previously harassed us in April 2024 we had an open investigation at that time with Investigator Brandon Parker of HCPS (813)840-7327. Evidence of messages and police report attached.
[✓] Please indicate here if you are attaching additional pages to continue these facts.

6. **Additional Information**
[ ] Respondent owns, has, and/or is known to have guns or other weapons.
Describe weapon(s) and where they may be located, if known: _____
_____

**SECTION IV.  INJUNCTION** *{This section must be completed.}*

1. Petitioner asks the Court to enter a **TEMPORARY INJUNCTION** for protection against stalking that will be in place from now until the scheduled hearing in this matter, which will immediately restrain Respondent from committing any acts of stalking, and which will provide any terms the Court deems necessary for the protection of a victim of stalking, including any injunctions or directives to law enforcement agencies.

2. Petitioner asks the Court to enter, after a hearing has been held on this petition, a **FINAL JUDGMENT** for protection against stalking prohibiting Respondent from committing any acts of stalking against Petitioner and:
   a. prohibiting Respondent from going to or within 500 feet of any place Petitioner lives, or to any specified place regularly frequented by Petitioner and any named family members or individuals closely associated with Petitioner: ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄
   b. prohibiting Respondent from going to or within 500 feet of Petitioner's place(s) of employment or the school that Petitioner attends; the address of Petitioner's place(s) of employment and/or school is: Sumner High School 10650 CR 672 Riverview FL 33579
   c. prohibiting Respondent from contacting Petitioner by telephone, mail, by e-mail, in writing, through another person, or in any other manner;
   d. ordering Respondent that he or she shall not have in his or her care, custody, possession, or control any firearm or ammunition;
   e. prohibiting Respondent from knowingly and intentionally going to or within 100 feet of Petitioner's motor vehicle, whether or not that vehicle is occupied;

3. Petitioner asks the Court to enter any other terms it deems necessary to protect Petitioner from stalking by Respondent.

**I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE COURT TO HOLD A HEARING ON THIS PETITION,**

Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking (06/24)

3

Investigative Documents compiled by Professional Practices Services (PPS)-3

# Exhibit J



## FLORIDA
## DEPARTMENT of
## CORRECTIONS

*Changing Lives to*
*Ensure a Safer Florida*

Governor
**RICK SCOTT**

Secretary
**MICHAEL D. CREWS**

501 South Calhoun Street, Tallahassee, FL 32399-2500

http://www.dc.state.fl.us

3-8-14

Mark Ober
State Attorney
Hillsborough County
Courthouse Annex
Tampa, FL. 33602

Dear Clint Roberson:

RE:    **PRETRIAL INTERVENTION PROGRAM STATUS**
Offender Name: ▓▓▓▓▓▓▓▓▓▓▓, DC#: T78359 ✓
County Hillsborough, Case #: 12-cf-02296
Offender s Address: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

The following notification is provided regarding the above offender's Pretrial Intervention program status with the Florida Department of Corrections:

☐ The offender s referral to the Pretrial Intervention program has been accepted. See attached copy of the PTI contract/agreement signed by the officer and offender.

☐ Extension of the PTI supervision period is recommended due to the following: _____

☒ The offender has completed the term and conditions of PTI effective **3-10-14** and the case is being returned for the state to dismiss the charges.

☐ The offender is in willful non-compliance with the following condition of supervision and the Department is recommending that the offender be removed from the PTI program effective this date: _____

☐ The offender was charged with the following new offense and the Department is recommending that the offender be removed from the PTI program effective this date: _____

☐ Other _____

If you have any questions regarding the above, please contact me at the following telephone number or address: 

Sincerely,

Officer B. Hayes
Correctional Probation Officer

Manley Jaquiss,
Correctional Probation Senior Supervisor

Trust ★ Respect ★ Accountability ★ Integrity ★ Leaders'

Revised 03-09

12-CF-002296    F0S-00SG0D2251-037
                              1 PAGE
P BAKER    03/19/2014    FLOTF

# Exhibit K

**INTERVIEW(S):**

**Richard Peacock, Assistant Principal for Student Affairs, Sumner High School:** I interviewed Mr. Peacock at Sumner High School on April 9, 2024.



**Christine Wasylkiw, Principal, Sumner High School:** I Interviewed Ms. Wasylkiw at Sumner High School on April 9, 2024.

Ms. Wasylkiw stated she received the information from Mr. Peacock and assigned Ms. Candace Culpepper, Assistant Principal for Curriculum, to meet with Ms. Spencer to assess the validity of the complaint.

**Candace Culpepper, Assistant Principal for Curriculum, Sumner High School:** I interviewed Mrs. Culpepper at Sumner High School on April 9, 2024.



Ms. Culpepper informed Ms. Spencer that this activity was outside the scope of her teaching duties as a physics teacher and directed her to immediately cease this behavior. After their conversation, Ms. Culpepper checked on Ms. Spencer in her classroom and observed her crying in front of another teacher and students. During this time, another student, 11th Grader, ██████████ entered the classroom. Ms. Culpepper stated that Ms. Spencer informed her that ████ had recently taken the assessment during her class. Ms. Culpepper received the online assessment from ████ and provided the link (https://embrace-autism.com/aspie-quiz/) to Professional Standards. (See attachment 4)

Page 2 of 9

# Exhibit K



The Aspie Quiz (version 5) is a self-administered questionnaire to measure autistic traits in adults (age 16+) with an IQ in the normal range (IQ >=80). In fact, it measures both autistic and neurotypical traits in five domains: talent, perception, communication, relationship, and social.

### Basic information

| | |
|---|---|
| Questions: | 119 |
| Duration: | 10–20 minutes |
| Type: | Screening tool |
| Author: | Leif Ekblad |
| Publishing year: | 2013 |
| Seminal paper: | Autism, Personality, and Human Diversity: Defining Neurodiversity in an Iterative Process Using Aspie Quiz (Ekblad, 2013) |

Take the test here:

### Aspie Quiz

### Note

The test may be inaccessible via mobile browsers. If so, please try accessing the test via desktop instead.

---

## Who the test is designed for

- **Adults** (age **16+**) with IQ in the normal range (IQ **>=80**).

The website explicitly described the Aspie Quiz as a "self-administered questionnaire" and a "screening tool." Defendant's repeated mischaracterization of it as an "assessment" demonstrates that no one even consulted the objective source material before initiating legal action affecting Plaintiff's protected property and liberty interests. Moreover, the peer-reviewed scientific article supporting the instrument was prominently linked on the same page under the heading "seminal paper," making its scientific basis readily apparent at all times.

# Exhibit L

**ADULT STATEMENT**

| Christine Wasylkiw | | Principal |
|---|---|---|

POSITION/TITLE

| 10650 County Rd 672 | Riverview | FL | 33579 |
|---|---|---|---|

ADDRESS: STREET

CITY    STATE    ZIP CODE

| 813 378-8626 | Christine.wasylkiw@hcps.net | 10/30/2024 |
|---|---|---|

(AREA) TELEPHONE    EMAIL    DATE

Having been advised that I need not make this statement, declare that the following statement is given freely and voluntarily, without promise to benefit or privilege, and without threat or the use of force or duress, and I do hereby state the following:

During the investigation, several students reported that the teacher provided them with the online autism assessment. Mrs. Culpepper and I contacted the office of professional standards who sent investigator Brandon Paker to meet with students from Ms. Spencer's classes. Through the investigation student, ▓▓▓▓▓▓ had been asked to take the autism assessment. He stated that he had a positive relationship with the teacher and had previously stayed after class for tutorial support.

have read each page of this statement consisting of __1__ page(s), each page of which bears my signature, any corrections bear my initials, and I certify that the facts contained herein are true and correct to the best of my knowledge.

SIGNATURE

*Reni Fenton*

WITNESS Reni Fenton

Page Number _____

PPS Reporting
Date: 8/23/2024

# Exhibit M

Report Type: Additional ▼

### Statement of Good Faith

Section 1012.796(1)(d), Florida Statutes, requires each school district to "file in writing with the department all **legally sufficient** complaints within **30** days after the date on which subject matter of the complaint comes to the attention of the school district. A complaint is legally sufficient if it contains **ultimate facts** that show a **violation has occurred** as provided in s. <u>1012.795, F.S.</u> and defined by rule of the State Board of Education. The school district shall include all information relating to the complaint which is known to the school district at the time of filing."

I, <u>Kelly A. King</u>, <u>Executive Officer, Professional Standards</u> of the School District of <u>Hillsborough</u> County submit this report on behalf of Superintendent <u>Van Ayres</u> and have included all supporting documents to substantiate a violation of s. 1012.795, Florida Statutes by the Florida certified educator indicated below:

Name: <u>Courtney Spencer</u>

DOE Certificate Number: <u>1205903</u>

Address: <u>306 Crystal Goblet Ct. Valrico, FL 33594</u>

Telephone: <u>813-305-5740</u>

Email: <u> </u>

DOB: <u>6/27/1989</u>

SS#: <u>████████</u>

Position: <u>Physics Teacher</u>

School or Site Location: <u>Sumner HS</u>

Hire date at this location: <u>9/13/2023</u>

Initial hire date in your district: <u>10/21/2012</u>

Employment status: <u>Resigned eff. 4/17/2024</u>

1

District Report: Additional 1 (DRa)-1

**⫟⫟ Families & Students**   A⁺ **Canvas/Focus**   📅 **Calendar**   ⏱ **Dining**   🚍 **Transportation**
🎟 **Athletics & Tickets**   ⌂+ **Join Our Team**   ♒ **Volunteer**   ☏ **Contact Us**

School Board    Superintendent    Departments    🔍



Hillsborough County
P U B L I C   S C H O O L S
Preparing Students for Life

School Board    Superintendent    Departments    🔍

☰ Explore              Schools ⌄                    Русский ⌄
        ☰ Explore    Schools ⌄        Русский

HILLSBOROUGH COUNTY PUBLIC SCHOOLS   //   ABOUT   //   SCHOOL BOARD
//   1590 - PERSONNEL FILE

Back to Policies ↗

# 1590 - Personnel File (Exhibit N)

**Revision History:** 04/01/2014

It is necessary for the orderly operation of the School District to prepare a personal information system for the retention of appropriate files bearing upon an employee's duties and responsibilities to the District and the District's responsibilities to the employee.

The School Board requires that sufficient records exist to ensure an employee's qualifications for the job held, compliance with Federal, State, and local benefit programs, conformance with District rules, and evidence of completed evaluations. Such records will be kept in compliance with the laws of the State of Florida.

The term personnel file as used in this section shall mean all records, information, data, or materials maintained by a public school system, in any form or retrieval system whatsoever, with respect to any of its instructional staff, which are uniquely applicable to that employee, whether maintained in one or more locations.

Only that information which pertains to the professional role of the employee and submitted by duly authorized school administrative personnel in accordance with the timeline established in State law may be entered in the employee's personnel file. Pursuant to State law, no derogatory materials relating to an employee's conduct, service, character, or personality, except for materials pertaining to work performance or other such matters that may be cause for discipline, suspension, or dismissal under State law, shall be placed in the employee's personnel file.

A copy of each such entry shall be given to the employee.

The employee shall have access to his/her file upon request.

The related procedures manual is entitled *Personnel File Procedures*.

F.S. 119.011, 1012.31



## Learn. Grow. Belong.

Experience a welcoming environment where every student is seen, supported, and empowered to succeed. We prepare students for life.

Enroll Today →

   



BECOME THE LITERACY LEADER YOUR SCHOOL NEEDS

 

UNIVERSITY OF SOUTH FLORIDA / Online Master of Arts in READING EDUCATION

LEARN MORE



**Hillsborough County PUBLIC SCHOOLS**
Preparing Students for Life

**Hillsborough County Public Schools**
901 East Kennedy Boulevard
Tampa, FL 33602
Phone: (813) 272-4000

Enrollment

School Locator

Hillsborough Choice Options

HCPS Objection Form

Employee Login

Employee Benefits

Employee Deals

🏃 Families & Students     Canvas/Focus   📅 Calendar   🍽 Dining   🚌 Transportation
🎟 Athletics & Tickets   🧑‍🤝 Join Our Team   🙋 Volunteer   📞 Contact Us

Explore                          Schools ∨                        Español ∨
Explore                          Schools ∨                        Español
        HILLSBOROUGH COUNTY PUBLIC SCHOOLS   //   9130 - PUBLIC COMPLAINTS

Back to Policies ↗

# 9130 - Public Complaints  (Exhibit O)

Any person or group having an interest in the operations of this District shall have the right to present a request, suggestion, or complaint concerning District personnel, the program, or the operations of the District. At the same time, the Board has a duty to protect its staff from harassment. The intent of this policy is to provide the means for judging each public complaint in a fair and impartial manner and to seek a remedy where appropriate.

It is the desire of the Board to rectify any misunderstandings between the public and the District by direct discussions of an informal type among the interested parties. It is only when such informal meetings fail to resolve the differences that more formal procedures shall be employed.

Any requests, suggestions, or complaints reaching the Board, Board members, and/or the administration shall be referred to the Superintendent for consideration according to the following procedure.

**Matters Regarding a Staff Member**

**A, First Level**

If it is a matter specifically directed toward a staff member, the matter must be addressed, initially, to the concerned staff member who shall discuss it promptly with the complainant and make every effort to provide a reasoned explanation or take appropriate action within District administrative procedures. This level does not apply if the matter involves suspected child abuse, substance abuse, or any other serious allegation which may require investigation or inquiry by school officials prior to approaching the instructional staff member. As appropriate, the staff member shall report the matter and whatever action may have been taken to the assigned supervisor.

**B. Second Level**

If the matter cannot be satisfactorily resolved at the First Level, it shall be discussed by the complainant with the staff member's supervisor and in compliance with provisions of a collective bargaining agreement, if applicable.

**D. Fourth Level**

Should the matter still not be resolved, or if it is one beyond the Superintendent's authority and requires a Board decision or action, the complainant may make a written request to speak before the Board at a public meeting.

If the complainant contacts an individual Board member to discuss the matter, the Board member will inform the complainant that Board members have no authority to act in an individual capacity and that the complainant must follow the procedure described in this policy.

**Matters Regarding the Superintendent**

Should the matter be a concern regarding the Superintendent which cannot be resolved through discussion with the Superintendent, the complainant may submit a written request to the Board Chair.

After reviewing the request, the Board may grant a meeting before the Board, or a committee of the Board, or refer the matter, if permitted by Florida law, to an executive session.

Should the matter still not be resolved and requires a Board decision or action, the complainant may make written request to speak before the Board at a public meeting.

Matters Regarding Instructional Materials

If the request, suggestion, or complaint relates to instructional materials such as textbooks, library books, reference works, and other instructional aids used in the District, the complainant may contact the Superintendent.

No challenged material may be removed from the curriculum or from a collection of resource materials except by action of the Board, and no challenged material may be removed solely because it presents ideas that may be unpopular or offensive to some. Any Board action to remove material will be accompanied by the Board's statement of its reasons for the removal.

CODING: Words stricken are deletions; words underlined are additions.

Learn. Grow. Belong.

# Exhibit P

IN THE FAMILY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

Case No: ███████
Division: G

,
Petitioner

v.

Courtney Alice Spencer,
Respondent

## <u>MOTION TO DISSOLVE FINAL JUDGMENT DUE TO FAILURE TO MEET STATUTORY STANDARD</u>

Respondent, Courtney Alice Spencer, pursuant to § 784.0485(6)(b), Fla. Stat., moves this Court
to dissolve the Final Judgment of Injunction for Protection Against Stalking, and states:

1. Under § 784.048, Fla. Stat., "harassment" requires a course of conduct directed at a
   specific person which causes substantial emotional distress to that person and serves no
   legitimate purpose.
2. In this case, the Petitioner has never testified to experiencing substantial emotional
   distress. There is no competent, substantial evidence in the record satisfying this statutory
   element.
3. The Petitioner has now reached the age of majority. His mother, ██████████, no longer
   has standing to pursue this action on his behalf, and her prior testimony cannot substitute
   for testimony from the Petitioner himself.
4. Because the Petitioner never testified and ██████████'s testimony did not establish
   substantial emotional distress to the Petitioner, the statutory requirements of § 784.048
   and § 784.0485 were not met.
5. Without testimony from the Petitioner and without evidence of two or more qualifying
   acts of harassment, the Final Judgment lacks a valid statutory foundation and is void as a
   matter of law.

**WHEREFORE**, Respondent respectfully requests that this Court dissolve the Final Judgment
for Protection Against Stalking pursuant to § 784.0485(6)(b), Fla. Stat., on the grounds that the
statutory burden of proof required under § 784.0485(6)(a), Fla. Stat., was never met.

Respectfully submitted,

*Spencer* 9/10/25

_____
Courtney Alice Spencer,
306 Crystal Goblet Ct.
Valrico, FL 33594
Telephone: 813-305-5740
Email: spencer.courtney627@gmail.com
Pro Se Respondent

Exhibit P

# IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## FOR HILLSBOROUGH COUNTY, FLORIDA
## FAMILY LAW DIVISION



**Petitioner**

Case No:

**vs**

Division: G

COURTNEY ALICE SPENCER
**Respondent**

## ORDER DENYING RESPONDENT'S MOTION TO DISSOLVE FINAL JUDGMENT DUE TO FAILURE TO MEET STATUTORY STANDARD

THIS MATTER comes before the Court upon Respondent's Motion to Dissolve Final Judgment Due to Failure to Meet Statutory Standard filed September 10, 2025. The Final Judgment of Injunction for Protection was entered on August 28, 2024 after a hearing on the matter. The instant motion seeks to re-litigate the case.

Respondent's Motion to Dissolve Final Judgment Due to Failure to Meet Statutory Standard is hereby DENIED.

Done and Ordered in Hillsborough County, Florida this 11th day of September, 2025.

ELECTRONICALLY CONFORMED 9/11/2025

Judge Frances Perrone
Frances Perrone Judge

Copies Furnished To:

**Petitioner**



**Respondent**
COURTNEY ALICE SPENCER
306 CRYSTAL GOBLET COURT
VALRICO, FL 33594

